# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HSS Holding, LLC,[1] ) | Case No. 13-12740 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Hospitality Staffing Solutions Group, LLC ) | Case No. 13-12741 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Hospitality Staffing Solutions, LLC ) | Case No. 13-12742 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| IHS Staffing Services, LLC ) | Case No. 13-12743 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| IHS Hospitality Services, LLC, ) | Case No. 13-12744 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Hospitality Staffing Solutions of Louisiana, ) | Case No. 13-12745 (BLS) |
| L.L.C. ) | |
| Debtor. ) | |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: HSS Holding, LLC (7903); Hospitality Staffing Solutions Group, LLC (7921); Hospitality Staffing Solutions, LLC (8300); IHS Staffing Services, LLC (7545); IHS Hospitality Services, LLC (8258); Hospitality Staffing Solutions of Louisiana, L.L.C. (2862); Hospitality Staffing Solutions of Iowa, LLC (0578); Hospitality Staffing Solutions of Connecticut, LLC (2536); Hospitality Staffing Solutions of Indiana, LLC (2882); and Hospitality Staffing Solutions of Illinois, LLC (0721). The Debtors' address is 100 Glenridge Point Parkway, Suite 400, Atlanta, GA 30342.

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Hospitality Staffing Solutions of Iowa, LLC ) | Case No. 13-12746 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Hospitality Staffing Solutions of Connecticut,) LLC | Case No. 13-12747 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Hospitality Staffing Solutions of Indiana, ) LLC | Case No. 13-12748 (BLS) |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| Hospitality Staffing Solutions of Illinois, ) LLC | Case No. 13-12749 (BLS) |
| ) | Joint Administration Requested |
| Debtor. ) | **Related to Docket No. ___** |

**ORDER (A) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION (I) WAGES, SALARIES, BONUSES AND OTHER COMPENSATION, (II) REIMBURSABLE EMPLOYEE EXPENSES, AND (III) EMPLOYEE MEDICAL AND SIMILAR BENEFITS; (B) CONFIRMING THE DEBTORS MAY CONTINUE CERTAIN PREPETITION EMPLOYEE PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; AND (C) DIRECTING BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR ALL RELATED <u>CHECKS AND ELECTRONIC PAYMENT REQUESTS</u>**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors (collectively, the "<u>Debtors</u>") for the entry of an order (a) authorizing the Debtors to pay certain prepetition (i) wages, salaries, bonuses and other compensation, (ii) reimbursable employee expenses, and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

(iii) employee medical and similar benefits, (b) confirming the Debtors may continue certain prepetition employee programs in the ordinary course of business, and (c) directing banks and other financial institutions to honor all related checks and electronic payment requests; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and upon consideration of the Zappone Declaration; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to honor and pay the Employee Obligations in accordance with the Debtors' stated policies and prepetition practices, including, but not limited to, prepetition amounts owed in connection with Uncashed Checks and Unpaid Compensation; provided that payments pursuant to this paragraph in respect of prepetition obligations may not exceed $3,105,000 in the aggregate.

3. The Debtors are authorized, but not directed, to continue to allocate and distribute the Deductions and the Payroll Taxes in accordance with the Debtors' stated policies and prepetition practices; provided that payments pursuant to this paragraph in respect of prepetition obligations may not exceed $238,000 in the aggregate.

4. The Debtors are authorized, but not directed, to pay upon entry of this Order the Reimbursable Expenses in accordance with the Debtors' stated policies and prepetition practices; provided that payments pursuant to this paragraph in respect of prepetition obligations may not exceed $50,000 in the aggregate.

5. The Debtors are authorized, but not directed, to honor the Employee Benefit Programs, make any necessary contributions to such programs and pay any unpaid premium, claim or amount owed as of the Petition Date, in each case in accordance with the Debtors' stated policies and prepetition practices including, but not limited to, honoring: (a) the Health Insurance Plans; (b) Paid Time Off and Holidays; (c) Leaves of Absence; (d) Personal Days; (e) Relocation Assistance; (f) the Educational Assistance Program; (g) the Life Insurance; (h) the Accidental Death and Dismemberment Coverage; (i) the Long- and Short-Term Disability Benefits; (j) the Accident Insurance; (k) the Critical Illness Insurance; (l) the Pet Insurance; (m) the Social Security Payments and (n) the Credit Card Obligations; provided that payments pursuant to this paragraph in respect of prepetition obligations may not exceed $400,000 in the aggregate.

6. The Debtors shall not make any payments to any one Employee on account of Employee Unpaid Compensation in excess of the statutory priority cap imposed by sections 507(a)(4) and (5) of the Bankruptcy Code and such amounts shall not exceed $3,105,000 in the aggregate.

7. In accordance with this Order and any other order of this Court, the Debtors are authorized, but not directed, to pay all processing fees associated with, and all costs incident to, payment of the Employee Obligations, Uncashed Checks, Unpaid Compensation, Employee Benefits and the Reimbursable Expenses.

8. The Debtors may, in their sole discretion, continue their prepetition Employee Benefit Programs in the ordinary course of business and pay any amounts owed with respect thereto in the ordinary course of business; provided that payments pursuant to this paragraph in respect of prepetition obligations may not exceed $400,000 in the aggregate.

9. The Debtors may, subject to the consent of the lender under the Debtors' proposed debtor-in-possession financing facility, modify, change and discontinue any of their employee compensation programs, policies and benefits, and implement new programs, policies and benefits in the ordinary course of business during these Chapter 11 Cases in their sole discretion without the need for further Court approval.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and that all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

11. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Order and is not cleared by the applicable bank or other financial institution.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion. Authorizations given in this Order empower but do not direct the Debtors to effectuate any of the payments specified herein.

13. Notwithstanding anything to the contrary contained herein, the relief herein is granted solely to the extent that it is consistent with the Order (i) authorizing the Debtors to (a)

obtain postpetition financing on an interim basis and (b) utilize cash collateral of prepetition secured parties on an interim basis, (ii) granting adequate protection, (iii) modifying the automatic stay and (iv) granting related relief, pursuant to Bankruptcy Code sections 105, 361, 362, 363(c), 363(d), 363(e), 364(c), 364(d)(1), 364(e) and 507(b) and the final financing order with respect thereof, as applicable, and to the extent payments authorized by this Motion are consistent with the approved Budget (as defined therein).

14. Nothing in this Order authorizes the payment of any amounts subject to section 503(c) of the Bankruptcy Code.

15. Nothing in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

16. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion.

17. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2013

_____
United States Bankruptcy Judge